IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TIFFANY HAWKINS  §<br>Individually and on behalf  §<br>of all others similarly situated  §<br>  §<br>*Plaintiffs*,  §<br>  §<br>v.  §<br>  §<br>  §<br>TYLER MEMORY CARE PROPERTIES, LLC §<br>DBA  OAK HILLS TERRACE MEMORY  §<br>CARE  §<br>  §<br>*Defendants*  § | | Civil Action No. 6:20-cv-96<br><br><br><br>COLLECTIVE ACTION<br>JURY TRIAL DEMANDED<br><br>PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Plaintiff, Tiffany Hawkins ("Hawkins") or ("Plaintiff"), file this Complaint against Tyler Memory Care Properties, LLC dba Oak Hills Terrace Memory Care ("Tyler Memory Care" or "Defendant" herein) showing in support as follows:

## I.  SUMMARY

1. At times relevant, Plaintiff worked for Tyler Memory Care performing services as a med tech on behalf of the company for residents at Oak Hills Terrace Memory Care in Tyler, Texas. Plaintiff and the other employees were not paid overtime wages as required by the Fair Labor Standards Act.

### A.  **FLSA Overtime Claims**

2. Plaintiff and the putative class members worked in excess of 40 hours per workweek but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a workweek by any Defendant in this lawsuit.

3. Plaintiff brings this case on her own behalf and on behalf of all other hourly employees at Oak Hills Terrace Memory Care who were not properly paid overtime wages. Plaintiff on behalf of herself and all other similarly situated plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorney's fees under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek while working as custodians for Tyler Memory Care (the "FLSA Overtime Claim").

4. Plaintiff files this FLSA Overtime Claim individually and on behalf of all others similarly situated as a FLSA collective action pursuant to 29 U.S.C. § 216(b) against Defendants.

### B. FLSA Minimum Wage Claims

5. Plaintiff Hawkins, on behalf of herself and all others similarly situated, seeks recovery of FLSA minimum wage damages as a result of the off-the-clock work performed. Hawkins files this claim as an FLSA collective action pursuant to 29 U.S.C. § 216(b) against Defendants. (the "FLSA Minimum Wage Claim").

### Texas State Law Wage Theft Claims

6. Furthermore, as employees under Texas Law, Hawkins seeks recovery of all straight time wages owed by Defendants for all hours worked. Alternatively, Hawkins seeks recovery of all straight time wages owed by Defendants for the aforementioned Wage Theft under the Texas Law principles of *quantum meruit* and/or money had and money received. Hawkins files her Texas State Law Claims for the aforementioned Wage Theft individually and as the representative of the putative class members pursuant to Federal Rule of Civil Procedure 23 (the "Texas State Law Wage Theft Claim").

## II.     THE PARTIES, JURISDICTION, AND VENUE

### 1. Plaintiff Tiffany Hawkins

7.     Hawkins is a natural person and is currently a resident of Leesburg, Texas. She has standing to file this lawsuit.

8.     Hawkins works exclusively for Tyler Memory Care as a med tech from approximately May 13, 2019 to present in Tyler, Texas. Hawkins is paid an hourly rate for her work; however, she has not been paid overtime wages for all hours worked over 40 in a work week.

### 2. FLSA Collective Action Members

#### 1. FLSA Overtime Claim

9.     The FLSA Overtime Claim putative collective action members (hereafter the "FLSA Putative Collective Action Members") are all current and/or former custodians similarly situated to Plaintiffs who (a) work/worked more than 40 hours in any workweek in the relevant time period; and (b) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendants.

10.    All of the FLSA Putative Collective Action Members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

11.    The time period relevant to the claims of the FLSA Putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

#### 2. FLSA Minimum Wage Claim

12.    The FLSA Minimum Wage Claim putative collective action members (hereafter the "FLSA Minimum Wage Putative Collective Action Members") are all current and/or former

employees similarly situated to Hawkins who were not paid all minimum wage owed by Defendant due to the number of off-the-clock hours worked.

13.     All of the FLSA Minimum Wage Putative Collective Action Members are similarly situated to Hawkins, and to one another, within the meaning of Section 216(b) of the FLSA.

14.     The time period relevant to the claims of the FLSA Wage Theft Putative Collective Action Members is at least three years prior to the filing of this Complaint.

### C.    Texas State Law Claim Rule 23 Class Members

15.     The Texas State Law Wage Theft Claim Rule 23 Class Members (hereafter "State Law Wage Theft Class Members") are similarly situated workers to Hawkins who: (a) worked exclusively for Tyler Memory Care as hourly employees but were not paid for all hours worked for several workweeks worked in that time period due to Wage Theft by Defendant.

16.     As employees under Texas Law, Hawkins and the State Law Wage Theft Class Members seek recovery of all straight time wages owed by Defendants for the aforementioned Texas State Law Wage Theft Claim.

17.     Alternatively, Hawkins and the State Law Wage Theft Class Members seek recovery of all straight time wages and other damages owed by Defendant for the Texas State Law Wage Theft Claim under the Texas Law principles of *quantum meruit* and/or money had and money received.

### D.    Defendant Tyler Memory Care Custodial Services, LLC

18.     Tyler Memory Care is a for-profit limited liability company under the laws of the State of Oregon.

19.     During all times relevant to this lawsuit, Tyler Memory Care has done business in the State of Texas. Furthermore, Tyler Memory Care employed and continues to employ workers

in East Texas.

20. Tyler Memory Care's local office and principal place of business is located at 2651 Elkton Trail, Tyler, Texas 75703. Tyler Memory Care Properties, LLC is a foreign limited liability company formed in the State of Oregon.

21. At times relevant, Tyler Memory Care is and/or was an "employer" and/or "joint employer" of Plaintiff and the FLSA Putative Collective Action Members.

22. At times relevant, Tyler Memory Care is and/or was an "employer" and/or "joint employer" of Hawkins and the FLSA Minimum Wage Putative Collective Action Members.

23. At times relevant, Hawkins and the State Law Wage Theft Class Members are/were Texas employees of Tyler Memory Care.

24. At all times relevant to this lawsuit, Tyler Memory Care is and has been an "enterprise engaged in commerce" as defined by the FLSA.

25. At all times relevant to this lawsuit, Tyler Memory Care employed, and continues to employ, two or more employees who engaged in commerce.

26. On information and belief, at all times relevant to this lawsuit, Tyler Memory Care has had annual gross sales or business volume in excess of $500,000.

27. Tyler Memory Care may be served by delivering a summons and a copy of the compliant to Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

### E.  Jurisdiction and Venue

28. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

29. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continue to do business in the State of Texas and in particular in Smith County, Texas.

30. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

31. Venue is proper in the United States District Court for the Eastern District of Texas because a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this judicial district. Furthermore, Tyler Memory Care maintains business operations in this judicial district where Plaintiff performed work.

32. Venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas because Tyler Memory Care maintains business operations in the Tyler Division and a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in the Tyler Division.

33. This Court has supplemental jurisdiction over the Texas State Law Wage Theft Claim pursuant to 28 U.S.C. § 1367 as the facts relative to that claim form part of the same case or controversy as the FLSA Wage Theft Claim.

### III.   FACTUAL BACKGROUND

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. Tyler Memory Care is a company offering residential memory care. Tyler Memory Care has business operations in Tyler, Texas.

36. Plaintiff works for Tyler Memory Care as a med tech; however, the pay practices of which Plaintiff complains are common to all hourly paid employees of Defendant.

37. At times relevant, Plaintiff was paid on an hourly wage basis for work performed for Tyler Memory Care; however, she was not paid overtime wages for all hours worked over 40 in each and every work week.

38. Tyler Memory Care did make and keep a record of all of the data required by 29

C.F.R. § 516.2(a) in connection with the work performed by Plaintiff for Tyler Memory Care; however, Defendant would routinely cut time from Plaintiff's work record.

39. Plaintiff routinely works in excess of 40 hours in a workweek for Tyler Memory Care. When Plaintiff works in excess of 40 hours in a workweek, she is not paid corresponding overtime premium compensation as required by the FLSA by Tyler Memory Care.

40. During the time period relevant to Plaintiff's FLSA causes of action, Tyler Memory Care had many other workers performing similar work and being paid in similar, if not identical, fashion to Plaintiff who, like Plaintiff, those workers regularly worked in excess of 40 hours in a workweek, but were not paid time and one-half their respective regular rates of pay by Tyler Memory Care for all hours worked over 40 in each and every such workweek during the relevant time period.

41. In approximately May 13, 2019 to present, Hawkins provides work exclusively for Tyler Memory Care. However, during that time period, Hawkins was not paid compensation for many weeks of work provided to Tyler Memory Care. During that same approximate time period, many other hourly employees also performed work for Tyler Memory Care but were not paid compensation for many weeks of work for Tyler Memory Care.

42. Similarly, as of the filing of this lawsuit, Defendant has not paid Hawkins and the State Law Wage Theft Class Members the regular wages and other damages they are owed for those workweeks. Hawkins and the State Law Wage Theft Class Members performs med tech duties for Tyler Memory Care, and Defendant was aware that work was performed. Hawkins and the State Law Wage Theft Class Members performed that work for Tyler Memory Care with the expectation that they would be paid that work. However, as of the filing of this lawsuit, they have not been paid for that work which makes the subject matter of the Wage Theft Claims. In connection with those Wage Theft Claims, Defendant has money which in equity and good conscience belongs to Hawkins

and the State Law Wage Theft Class Members.

### IV.    CONTROLLING LEGAL RULES

43.    "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

44.    The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009). Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

45.    The FLSA generally requires that an employer shall pay to each of its employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce wages of not less than $7.25 for each hour worked. 29 U.S.C. § 206(a)(1)(C).

46.    Failing to pay the required minimum hourly wage is a violation of the FLSA. 29 U.S.C. § 216.

47.    "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

48. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

49. Quantum meruit is an equitable remedy based on the promise implied by law to pay for beneficial services rendered and knowingly accepted. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990). To recover under quantum meruit, it must be established that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 917 (Tex. App. Dallas 2008) (citing *Vortt,* 787 S.W.2d at 944; *Bashfara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).

50. "Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another." *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App. Fort Worth 2012, no pet.

h.) (*citing Staats v. Miller*, 243 S.W.2d 686, 687 (1951); *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) (stating that cause of action for money had and received belongs conceptually to doctrine of unjust enrichment)). To succeed in a claim for money had and received, it must be shown that the defendant holds money or its equivalent that, in equity and good conscience, belongs to the plaintiff. *Best Buy v. Barrera,* 248 S.W.3d 160, 162-163 (Tex. 2007) (per curiam); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.,* 358 S.W.3d 808, 813 (Tex. App.--Dallas 2012, no pet. h.). The cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which … belongs to the plaintiff." *H.E.B.,* 369 S.W.3d at 507.

## V.     PLAINTIFF'S CLAIMS

51.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

52.     This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

53.     All conditions precedent to this suit, if any, have been fulfilled.

54.     At all times relevant, Plaintiff and the Putative Class Members were employees of Tyler Memory Care pursuant to the FLSA. 29 U.S.C. § 203(e); *Wirtz*, 405 F.2d at 669-70. At all material times, Tyler Memory Care has been an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

55.     Plaintiff routinely works in excess of 40 hours per seven-day workweek for Tyler Memory Care. When she works such overtime hours for Tyler Memory Care, Plaintiff is entitled to overtime compensation at one and one-half times her respective regular rate of pay for all hours

worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

56. Tyler Memory Care failed to pay Plaintiff overtime compensation at one and one-half times her respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

57. Plaintiff seek all damages available for Tyler Memory Care's violations of the FLSA.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

58. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A, FLSA Overtime Claim Collective Action

59. The FLSA Overtime Claim collective action includes Plaintiff and the FLSA Putative Collective Action Members, which are all current and/or former med techs similarly situated to Plaintiff who: (a) work/worked exclusively for Tyler Memory Care in connection with Tyler Memory Care's operations and were paid an hourly wage; (b) work/worked more than 40 hours in any workweek in the relevant time period; and (c) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each corresponding workweek by Tyler Memory Care.

60. All of the Putative Collective Action Members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

61. The time period relevant to the claims of the Putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

62. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide

collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

63. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding relative to the Putative Collective Action Members.

64. Plaintiff further reserves the right to amend the definition of the Putative Collective Action Members, or establish sub classes if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### B. FLSA Minimum Wage Collective Action

65. The FLSA Minimum Wage collective action includes Hawkins and the FLSA Putative Collective Action Members, which are all current and/or former hourly paid employees similarly situated to Hawkins who: (a) worked for Tyler Memory Care in connection with Tyler Memory Care's operations and were paid an hourly wage; (b) but were not paid remuneration by Defendant for that work, which included work in excess of 40 hours per workweek.

66. All of the FLSA Minimum Wage Putative Collective Action Members are similarly situated to Hawkins, and to one another, within the meaning of Section 216(b) of the FLSA.

67. The time period relevant to the claims of the FLSA Minimum Wage Theft Putative Collective Action Members is, on information and belief, three years prior to the filing of this Complaint. However, should discovery reveal a different relevant time period, Hawkins reserves the right to re- define the relevant time period pursuant to an amended complaint and/or class motion.

68. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

*See Ryan*, 497 F. Supp. 2d at 825; *Jones,* 281 F.R.D. at 290.

69. Hawkins reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding relative to the FLSA Wage Theft Putative Collective Action Members.

70. Hawkins further reserves the right to amend the definition of the FLSA Wage Theft Putative Collective Action Members, or establish sub classes if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. TEXAS STATE LAW WAGE THEFT CLAIM CLASS ALLEGATIONS

71. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

72. As common law employees under Texas Law, Hawkins and the State Law Wage Theft Class Members seek recovery of all straight time wages owed by Defendant for the Texas State Law Wage Theft Claim.

73. Alternatively, Hawkins and the State Law Wage Theft Class Members seek recovery of all straight time wages and other damages owed by Defendant for the Texas State Law Wage Theft Claim under the Texas law principles of *quantum meruit* and/or money had and money received.

74. Hawkins brings this Texas State Law Wage Theft Claim action on behalf of herself and State Law Wage Theft Class Members. Hawkins seeks to represent a class initially defined as: "all med techs who (a) worked exclusively for Tyler Memory Care, with Tyler Memory Care's knowledge of that work, during the time period of approximately May 2019 to February 2020; (b) expected to be paid a day rate for that work performed for Tyler Memory Care; (c) but were not paid wages for hours worked in that time period by Defendant (for of the clock work). Hawkins

requests the opportunity to expand, narrow, or modify the State Law Wage Theft Class Member class definition, including sub-classes, pursuant to a motion for class certification and/or amended complaint.

75. Hawkins' and State Law Wage Theft Class Members claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action. On information and belief, there at least 50 other workers who are and/or were victims of the Texas State Law Wage Theft Claim. As such, joinder is impracticable. The precise number of Texas State Law Wage Theft Claim class members and their addresses are readily determinable from the records of Defendant.

76. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from the Texas State Law Wage Theft Claim include, but are not limited to, the following:

   a. Whether Hawkins and the State Law Wage Theft Class Members are entitled to recovery of unpaid straight wages and other damages from Defendants pursuant to Texas state law claims premised on quantum meruit and/or money had and money received; and

   b. The appropriate method to calculate damages owed Hawkins and the State Law Wage Theft Class Members by Defendant for violations of state law in connection with the Texas State Law Wage Theft Claim.

77. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the Texas State Law Wage Theft Claim.

78. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and

varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

79. Hawkins is victim of the Texas State Law Wage Theft Claim and is therefore a member of the Texas State Law Wage Theft Class. Hawkins is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Hawkins is an adequate representative of the class and has the same interests as all of its members. Furthermore, Hawkins' claims are typical of the claims of all members of the class, and Hawkins will fairly and adequately protect the interests of the absent members of the class. Hawkins and her counsel do not have claims or interests that are adverse to the class members.

80. Hawkins reserves the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or other proceeding.

81. Hawkins further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VIII.   JURY DEMAND

82. Plaintiff demands a jury trial.

### IX.   DAMAGES AND PRAYER

83. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the collective action and class action members be awarded a judgment against Tyler Memory Care for the following:

    a. Certification of Plaintiff's FLSA Overtime Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

  b. Certification of Hawkins' FLSA Minimum Wage Claims as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

  c. Actual damages in the amount of unpaid overtime wages;

  d. Actual damages in the amount of unpaid minimum wages;

  e. Liquidated damages in an equal amount to unpaid overtime wages and/or minimum wages;

  f. Post-judgment interest on the FLSA damages;

  g. Costs;

  h. Reasonable attorney's/attorneys' fees;

  i. Certification of Hawkins' Texas State Law Wage Theft Claims as a Rule 23 class action naming Hawkins as the class representatives and the undersigned as class counsel;

  j. All available damages for the Texas State Law Claims including pre-and post- judgment interest; and

  k. All other relief to which Plaintiff(s) and the putative collective action members and/or putative class action members are justly entitled.

            Respectfully submitted,

            /s/ *William S. Hommel, Jr.*
            William S. Hommel, Jr.
            State Bar No. 09934250
            HOMMEL LAW FIRM
            5620 Old Bullard Road, Suite 115
            Tyler, Texas 75703
            903-596-7100
            469-533-1618 Facsimile

            ATTORNEY FOR PLAINTIFF
            AND THE PUTATIVE CLASS
            MEMBERS